IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HARIS N. KHAN,

    Plaintiff,
v.                                                      CASE NO. 1:22-cv-88-AW-GRJ

PENSKE CORPORATION,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Penske Truck Leasing Co., L.P.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, and for Change of Venue in this diversity action brought by *pro se* in forma pauperis Plaintiff Haris N. Khan ("Khan"). ECF No. 1.[1] Khan has filed a response, ECF No. 19, and therefore the matter is ripe for consideration.

The case concerns a dispute regarding the delivery of a truck Khan purportedly purchased from Penske Corporation ("Penske") on January 3, 2022. ECF No. 18-1. Penske argues that this lawsuit should be dismissed because (1) any dispute arising from the sale of the truck must be brought in Berks County, Pennsylvania per the Bill of Sale agreement; and (2) Khan

---

[1] Khan also attempted to bring suit on behalf of Saber Security & Defense Consolidation Group, LLC ("Saber Security"), but the Court dismissed Saber Security as a party to the lawsuit on the grounds that a *pro se* plaintiff may not represent a corporate entity. *See* ECF No. 5 at 2.

lacks standing to sue because Saber Security was the purchaser of the truck and not Khan. Khan argues that he is a third-party beneficiary of the contract and therefore has standing to bring suit.

For the reasons discussed below, the Court concludes that it need not determine whether Khan can bring this action on his own behalf—rather than on behalf of Saber Security—because the contract vests "exclusive venue and jurisdiction" with the state or federal courts sitting in or having jurisdiction over Berks County, Pennsylvania.  ECF No. 18-1 at 1.

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Change Venue should be granted and this case should be transferred to the Eastern District of Pennsylvania.

## I.  BACKGROUND

Khan's allegations, taken as true, are that Penske breached the terms of the parties' agreement by delaying the date that a delivery truck would be ready for pickup from January 7, 2022, to February 10, 2022, causing Khan economic loss.  ECF No. 9 at 2-3.  Further, upon retrieving the truck on February 10, 2022, Khan alleges the truck was materially different from the truck Khan negotiated and paid for—the truck was a "20-foot reefer" without a liftgate instead of a "26-foot reefer" with a liftgate.  *Id*. at 3.  Khan notified Penske that the truck was not in compliance with the parties' agreement, and Penske representatives informed Khan they would

have the truck towed away from his place of business. As of the filing of the Complaint on April 19, 2022, Penske had not towed the truck. *Id.* Because of Penske's failure to provide Khan with the type of truck he purchased, Khan alleges he was unable to fulfill contractual obligations to deliver goods, resulting in a $90,000 loss. *Id.* In addition to a breach of contract claim, Khan also asserts claims for negligent misrepresentation, fraud in the inducement, and tortious interference with contract. *Id*. at 5-9. For relief, Khan seeks $90,000 in compensatory damages, punitive damages to be determined by a jury, costs and fees, and any other relief deemed appropriate. ECF No. 9 at 9.

Pertinent to the instant motion, the parties' Bill of Sale Agreement provides, in relevant part:

> This Agreement shall be governed by and construed in accordance with the substantive law of the Commonwealth of Pennsylvania. Any disputes between [the parties] relating to this Agreement or the Vehicle(s) shall be heard only in the state or federal courts sitting in or having jurisdiction over Berks County, Pennsylvania, and the Parties hereby consent to the exclusive venue and jurisdiction of those courts.

ECF No. 18-1 at 1 ¶ 13.

## II.  DISCUSSION

On a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(3), the plaintiff has the burden of showing that venue in his chosen forum is proper. *Wai v. Rainbow Holdings,* 315 F. Supp. 2d 1261, 1268

(S.D. Fla. 2004) (citations omitted). *But see Barker v. New Energy Corp.,* No. CV206-183, 2006 WL 3391347, at *2 (S.D. Ga. 2006) (noting split in authority regarding which party bears the burden of proof on a motion to dismiss for improper venue but accepting majority view that favors placing the burden on plaintiff). In considering a motion under Rule 12(b)(3), a court accepts the facts in the plaintiff's complaint as true. *Wai*, 315 F. Supp. 2d at 1268 (citations omitted). A court may also "consider matters outside the pleadings if presented in proper form by the parties." *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.,* 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001) (citations omitted). Where there is a conflict between allegations in the complaint and evidence outside the pleadings, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai,* 315 F. Supp. 2d at 1268 (citation omitted).

      Even though the Bill of Sale, which contains the forum selection clause, is not attached to the complaint the Court is entitled to consider it. In *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002), the Eleventh Circuit held that the court may consider a document outside of the pleadings when resolving a motion to dismiss without converting the motion into one for summary judgment if the document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that

the authenticity of the document is not challenged. *Id.* (citations omitted). Such a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, the court may consider such a document provided it meets the centrality requirement imposed in *Horsley. Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005) (citations omitted). Therefore, the Court may consider the terms of the Bill of Sale in deciding the motion to dismiss.

Because the bill of sale contains a forum selection clause the Court must look to it to determine whether venue is proper in this district. The determination of whether to enforce a forum selection clause in a diversity action is governed by federal law, specifically 28 U.S.C. § 1404(a). *Stewart Org., Inc. v. Ricoh Corp*, 487 U.S. 22, 32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general. *P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (per curiam) (*citing In re Ricoh Corp.*, 870 F.2d. 570, 573-74 (11th Cir. 1989).

When examining a forum selection clause, courts "frequently classify forum selection clauses as either permissive or mandatory." *Global Satellite Comm. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). A permissive clause authorizes jurisdiction in a designated forum

but does not prohibit litigation elsewhere. *Id*. A mandatory clause, in contrast, "dictates an exclusive forum for litigation under the contract." *Id*. (*citing Snapper, Inc. v. Redan,* 171 F.3d 1249, 1262 n.24 (11th Cir. 1999) (noting the permissive/mandatory distinction, its relevance in certain situations, and finding the forum provision at issue mandatory)).

In his response Khan does not contest the validity of the forum selection clause. Rather, he misinterprets Penske's arguments, erroneously concluding that the forum selection clause establishes that venue may be laid in either Pennsylvania or Florida. *See* ECF No. 19 at 8 ¶ 19. The forum selection clause says no such thing. The Bill of Sale's forum selection clause unambiguously provides:

> *Any disputes* between [the parties] relating to this Agreement or the Vehicle(s) *shall be heard only* in the state or federal courts sitting in or having jurisdiction over Berks County, Pennsylvania, and the Parties hereby consent to *the exclusive venue and jurisdiction* of those courts.

ECF No. 18-1 at 1 ¶ 13 (emphasis added).

The use of the words "any disputes" "shall" "only" and "exclusive" in combination renders the forum selection clause mandatory. *See Global Satellite Comm. Co.,* 378 F.3d at 1272; *Wall Street Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 85 (3rd Cir. 2006).

And even though Khan was not a party to the Bill of Sale, he is nonetheless, bound by the forum selection clause because a non-signatory

third-party who is closely related to a contractual relationship is bound by a forum selection clause contained in the contract underlying the relevant contractual relationship. *Synthes, Inc. v. Emerge Med., Inc.,* 887 F. Supp. 2d 598, 607 (E.D. Pa. 2012); *Tradex Glob. Master Fund SPC Ltd. V Palm Beach Capital Mgmt., LLC,* 2010 WL 717686, *3 (S.D. Fla. 2010 ("To bind a non-party to a forum selection clause, that person 'must be closely related to the dispute such that it becomes foreseeable that [she] will be bound.'")(citations omitted). Kahn affirmatively alleges and argues that he is a third-party beneficiary of the agreement and he is the individual who intends to use the vehicle and is the person who will perform all the personal services for Saber Security. ECF No. 19, p. 7, ¶ 15. Thus, there is no question that the forum selection clause may be enforced against Khan.

Consequently, because the forum selection clause requires Khan to bring this case in Pennsylvania, and not Florida, the case should be transferred to the Eastern District of Pennsylvania, which encompasses Berks County, Pennsylvania.

### III.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant Penske Truck Leasing Co, L.P.'s Motion to Dismiss Plaintiff's Complaint and for Change of Venue, ECF No. 18, should be **GRANTED** to the extent Defendant requests a change of venue.

2. The case should be transferred to the Eastern District of Pennsylvania, the federal district which has jurisdiction over Berks County, Pennsylvania.

**IN CHAMBERS** at Gainesville, Florida this 9th day of September 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**